USCA1 Opinion

 

 May 20, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2322 UNITED STATES, Appellee, v. ODINA FANA ALMANZAR, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ Selya, Circuit Judge. _____________ ____________________ Joseph A. Bevilacqua, Jr. and William J. Murphy on brief for ___________________________ ___________________ appellant. Lincoln C. Almond, United States Attorney, and Zechariah Chafee, _________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant's actions, as observed by __________ Detective Lennon, gave rise to a reasonable suspicion that defendant was engaged in drug trafficking. Consequently, Detective Lennon was justified in stopping defendant and briefly questioning him. We agree with the district court that the stop was a Terry investigative stop. The fact that, in the brief _____ interlude between the stop and the alleged consent to search, Officer Lennon did not return to defendant what turned out to have been keys seized from defendant's closed fist does not constitute a de facto arrest requiring Miranda warnings. The __ _____ _______ situation was less coercive than that facing the defendant in United States v. Quinn, 815 F.2d 153 (1st Cir. 1987), where _____________ _____ this court concluded defendant was not in custody and that, hence, Miranda warnings were not required. _______ Whether defendant understood Officer Lennon's request to search defendant's apartment presented a classic credibility issue, and we see no basis to disturb the district court's resolution. On the record before it, the district court was justified in concluding that defendant understood the request to search, that defendant consented to the request, and that the surrounding circumstances were not coercive. We do not find United States v. Gallego-Zapata, 630 F.Supp. 665 (D. _____________ ______________ Mass. 1986), persuasive or controlling on the facts as permissibly found by the district court. Moreover, unlike the situation in Gallego-Zapata, where defendant was ______________ unlawfully detained at the time he assented to the search request, the consent in the present case was given during the course of a lawful Terry stop. _____ Affirmed. ________ -3-